IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:11-CV-26-D

| | |
|---|---|
| SANDY CHRISTINE BASNIGHT, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **MEMORANDUM &** |
| | ) **RECOMMENDATION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings. (DE's-41 & 44). The time for filing any responses or replies has expired. Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter has been referred to the undersigned for the entry of a Memorandum and Recommendation. (DE-46). For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-41) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-44) be GRANTED, and that the final decision by Defendant be AFFIRMED.

**Statement of the Case**

Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on January 29, 2007 alleging that she became unable to work on November 24, 2006. (Tr. 17). This application was denied initially and upon reconsideration. *Id.* A hearing

1

was held before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled during the relevant time period in a decision dated October 29, 2009. *Id.* at 17-26. The Social Security Administration's Office of Hearings and Appeals ("Appeals Council") denied Plaintiff's request for review on March 25, 2011, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-5. Plaintiff filed the instant action on May 24, 2011. (DE-1).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to

2

determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

**<u>Analysis</u>**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 19). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: 1) glomus jugulare tumor; 2) obesity; 3) hypertension; 4) hearing loss; 5) dysphonia; 6) major depression; and 7) anxiety disorder. *Id.* However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id* at 20. Next, the ALJ determined that Plaintiff had the residual

functional capacity ("RFC") to perform a limited range of sedentary work. *Id.* at 20-24. Specifically, the ALJ found that:

> the claimant has the residual functional capacity to lift and carry up to 5 pounds frequently and 10 pounds occasionally, and to stand and walk for up to two hours in an eight-hour work day, and to sit for up to six hours in an eight-hour work day. The claimant would be limited to no balancing, climbing, working at heights or around dangerous machinery and no noisy environments due to hearing loss. She would be limited to occasional oral communication. In addition, the claimant would be limited to simple, routine, repetitive tasks in a non-production setting.

> *Id.* at 20-21.

The ALJ then determined that Plaintiff was unable to perform her past relevant work. *Id.* at 24. However, based upon the testimony of a vocational expert ("VE"), the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. *Id*. at 25-26. Accordingly, the ALJ determined that Plaintiff was not under a disability from November 24, 2006 through October 29, 2009. *Id.* at 26. The undersigned has reviewed the entire record and finds that these determinations were supported by substantial evidence, which shall now be summarized.

Plaintiff's hypertension was under fair control and her glomus jugulare tumor was stable on May 16, 2006. *Id.* at 438. Her depression was described as "situational" and she was not taking any medication for that condition. *Id.* She denied "any other significant concerns . . ." *Id.* On December 11, 2006, Plaintiff stated that "[h]er depression symptoms have diminished somewhat." *Id.* at 436.

On December 21, 2006, Plaintiff reported in a pleasant mood and was more positive. *Id.* at 473. During a February 2, 2007 evaluation Plaintiff's depressive symptoms were described as "off and on." *Id.* at 464. On several occasions Plaintiff's depression was evaluated and it was

4

noted that she was making progress toward her stated goals. *Id.* at 459, 503, 504, 507, 509, 515, 606, 609.

Dr. Val Sokolev assessed Plaintiff's physical RFC on March 20, 2007. *Id.* at 477-484. It was determined that Plaintiff could: 1) occasionally lift 50 pounds; 2) frequently lift 25 pounds; and 3) stand, walk or sit about six hours in an eight hour workday. *Id.* at 478. No postural, manipulative, visual or communicative limitations were noted. *Id.* at 479-481. Finally, it was noted that Plaintiff should avoid concentrated exposure to noise, vibration, and hazards such as machinery or heights. *Id.* at 481. Dr. Bertron Haywood made similar findings on February 21, 2008. *Id.* at 628-635.

Plaintiff's mental RFC was assessed on April 2, 2007. *Id.* at 518-535. She was deemed "not significantly limited" in most of her abilities. *Id.* at 518. It was noted that Plaintiff had a history of good response to medications and was capable of completing simple, routine, repetitive tasks. *Id.* at 520. Dr. Frances Breslin opined that Plaintiff's depression did not precisely satisfy the diagnostic criteria for any listed impairment. *Id.* at 525. Likewise, it was determined that Plaintiff's depression generally resulted in mild—and no more than moderate—functional limitations. *Id.* at 532. Dr. Gloria Edmunds made similar findings on February 21, 2008. *Id.* at 610-626.

Michelle Decker, a licensed professional counselor, stated on several occasions that Plaintiff was making "small progress" regarding her depression. *Id.* at 589-591, 593, 596, 598. In addition, Ms. Decker noted that Plaintiff "has been able to sustain increased activity and structure." *Id.* at 589-590.

On January 19, 2008 Plaintiff's depression and anxiety were described as "stable." *Id.* at 572. It was noted that she had worked as a personal assistant "since 2005." *Id.*

5

Plaintiff stated that she was working part-time on January 24, 2008. *Id.* at 576. Dr. Anthony Carraway opined that Plaintiff's ability to understand, retain and perform instructions was only minimally to mildly impaired. *Id.* at 578. Likewise, Dr. Carraway determined that Plaintiff's attention and concentration were intact. *Id.* at 578.

On February 18, 2008, Plaintiff's depression responded well to Effexor. *Id.* at 756. Plaintiff stated on April 1, 2008 that she was "doing well." *Id.* at 754. On June 3, 2008, it was noted that Plaintiff "shows improvement in her follow through and her mood is elevated." *Id.* at 750.

Dr. Donald Rosenstein noted on September 25, 2009 that, despite her depressive symptoms, Plaintiff was "reasonably stable." *Id.* at 804.

During a January 22, 2009 follow-up examination regarding her residual glomus tumor, Plaintiff was described as "doing reasonably well." *Id.* at 674. Her throat symptoms were stable, and her ear exam was unchanged. *Id.* at 674-675. A July 30, 2009 examination showed a stable ear canal. *Id.* at 725. Plaintiff demonstrated no evidence of progressive disease. *Id.* at 726.

On January 27, 2010, after the time period relevant to Defendant, Plaintiff showed improvement and had no new problems. *Id.* at 797. She also demonstrated no evidence of recurrent disease. *Id.* at 798. Ultimately, it was determined that "chances are extremely good that . . . [Plaintiff] will achieve long-term control of the glomus tumor." *Id.*

Plaintiff's argument relies primarily on the contention that the ALJ improperly weighed the evidence. However, this Court must uphold Defendant's final decision if it is supported by substantial evidence. Although Plaintiff may disagree with the determinations made by the ALJ after weighing the relevant factors, the role of this Court is not to undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary.

6

Craig, 76 F.3d at 589. Because that is what Plaintiff requests this Court do, her claims are without merit. The undersigned shall nonetheless address Plaintiff's specific assignments of error.

**The additional evidence presented to the Appeals Council is not material**

Plaintiff submitted additional evidence not considered by the ALJ to the Appeals Council. (Tr. 2, 772-816). The Appeals Council is required by 20, Code of Federal Regulation, Part 416.1470(b), to review certain decisions of an ALJ. In pertinent part, the regulation provides:

> (b) In reviewing decisions based on an application for benefits, if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. In reviewing decisions other than those based on an application for benefits, the Appeals Council shall evaluate the entire record including any new and material evidence submitted. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.
>
> 20 C.F.R. § 416.1470(b). *See also*, Morrison v. Astrue, 2011 WL 1303651, * 4 (W.D.N.C. March 31, 2011).

When the Appeals Council incorporates new evidence into the administrative record, the reviewing court considers the record as a whole, including the new evidence, to determine whether the Commissioner's decision is supported by substantial evidence. Wilkins v. Sec'y of Health & Human Servs., 953 F.2d 93, 96 (4th 1991). Generally, the Appeals Council is not required to articulate a detailed assessment of any additional evidence submitted by a claimant. Freeman v. Halter, 15 Fed. Appx. 87 (4th Cir. 2001)(unpublished); Hollar v. Commissioner of Social Sec. Admin., 194 F.3d 1304 (4th Cir. 1999)(unpublished).

The undersigned has reviewed Plaintiff's additional evidence, and finds that substantial evidence still supports Defendant's decision. Notably, the evidence is not material. Evidence is

not material if it does not relate to the time period that was before the Commissioner. *See*, Edwards v. Astrue, 2008 WL 474128, at *9 (W.D.Va. February 20, 2008)("The [new evidence does] not relate back to the relevant time period as they were both done over 6 months after the ALJ rendered his decision."). The majority of Plaintiff's additional evidence post-dates the ALJ's decision. Moreover, as noted above, portions of this additional evidence provide additional support for the ALJ's determination. (Tr. 797-798).

For these reasons, this assignment of error is without merit.

**The ALJ properly assessed Plaintiff's credibility**

During the hearing in this matter, Plaintiff testified that she has difficulty hearing in her left ear and that she becomes fatigued easily. *Id.* at 43. She stated that she could not return to full-time work because she tires easily. *Id.* at 44. For example, Plaintiff testified that when her "fatigue sets in . . . [she] just can't focus, and . . . [she has] more trouble communicating." *Id.* at 47. However, she also noted that she was working to some extent as a personal assistant at the time of the hearing. *Id.* at 45. Plaintiff indicated that she was able to work in this manner because her hours were flexible. *Id.* In addition, Plaintiff testified that she experiences dizziness daily. *Id.* at 46. However, she also stated that this dizziness did not affect her ability to stand and walk. *Id.* In fact, Plaintiff tries to walk a mile each day. *Id.* at 53. Furthermore, Plaintiff noted that her depression was stable. *Id.* at 49.

Based on this testimony, the ALJ made the following findings:

> In accordance with SSR 96-7p, Hyatt v. Sullivan, and 20 CFR 404.1529, the Administrative Law Judge has not required the presence of objective medical evidence in determining the intensity, severity, degree or functional effect of the pain and other symptoms alleged. Specifically, the Administrative Law Judge has considered the nature, location, onset, duration, frequency, radiation, and intensity of any symptom, including pain; the precipitating and aggravating factors; the type, dosage,

8

> effectiveness, and adverse side effects of any medication; the treatment, other than medication, for relief of pain or other symptoms the claimant has undergone; the alleged functional restrictions; and the claimant's daily activities.
>
> The claimant does not have any significant anatomical structural deformities which might be expected based on the degree of pain alleged. Further, the claimant has not required such aggressive measures for symptom relief as use of steroid medication, application of TENS equipment, or enrollment in physical therapy or a pain management program. The treatment regimen, therefore, indicates that the claimant's symptoms are not as intractable as alleged. These factors indicate that the claimant's allegations of functional restrictions are not fully credible.
>
> Given the claimant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by the treating doctor. Yet a review of the record in this case reveals no restrictions recommended by the treating
> doctor.
>
> The record reveals that the claimant's allegedly disabling impairment(s) was present at approximately the same level of severity prior to the alleged onset date. The fact that the impairment(s) did not prevent the claimant from working at that time strongly suggests that it would not currently prevent work. In addition, the undersigned notes that the claimant has continued to work, although that work activity did not constitute disqualifying substantial gainful activity, it does indicate that the claimant's daily activities have, at least at times, been somewhat greater than the claimant has generally reported.
>
> To summarize, having considered the objective medical evidence, the claimant's subjective complaints, and the opinions of treating, examining, and non-examining physicians, the Administrative Law Judge finds that the claimant has the residual functional capacity to perform sedentary work, albeit with the above limitations.
>
> *Id.* at 23.

Plaintiff contends that the ALJ incorrectly assessed her credibility. "Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739

9

F.2d 987, 989 (4th Cir. 1984).

Furthermore, the regulations provide a two-step process for evaluating a claimant's subjective complaints of pain or other symptoms. 20 C.F.R. § 404.1529; Craig, 76 F.3d at 593-96. First, the ALJ must determine whether there is objective medical evidence showing the existence of a medical impairment that could be reasonably expected to produce the pain or alleged symptoms. 20 C.F.R. § 404.1529(b); Craig, 76 F.3d at 594. Second, the ALJ evaluates the intensity and persistence of the symptoms to determine how they limit the capacity for work. 20 C.F.R. 404.1529(c); Craig, 76 F.3d at 595. The ALJ evaluates the intensity and persistence of the symptoms and the extent to which they limit a claimant's capacity for work in light of all the available evidence, including the objective medical evidence. 20 C.F.R. 404.1529(c). At the second step, however, claims of disabling symptoms may not be rejected solely because the available objective evidence does not substantiate the claimant's statements as to the severity and persistence of the symptoms. *See* Craig, 76 F.3d at 595. Since symptoms can sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, all other information about symptoms, including statements of the claimant, must be carefully considered in the second part of the evaluation. 20 C.F.R. 404.1529(c)(2). The extent to which a claimant's statements about symptoms can be relied upon as probative evidence in determining whether the claimant is disabled depends on the credibility of the statements. SSR 96-7p, 1996 WL 374186, *4.

Here, the ALJ followed these standards in assessing Plaintiff's credibility. The ALJ's findings of fact demonstrate that the ALJ gave proper weight to all of Plaintiff's limitations and impairments in assessing Plaintiff's credibility. Likewise, the ALJ's citations to Plaintiff's medical records constitute substantial evidence which support that assessment. Accordingly, this

10

assignment of error is without merit.

**The ALJ's hypothetical to the VE was supported by substantial evidence**

Finally, Plaintiff asserts that the ALJ's hypothetical to the VE "did not accurately set forth all of [Plaintiff's] physical and mental impairments." (DE-42, pg. 17). As noted above, this assignment of error largely requests the undersigned to re-weigh the evidence before the ALJ. Regardless, an ALJ has "great latitude in posing hypothetical questions [to a VE] and is free to accept or reject suggested restrictions so long as there is substantial evidence to support the ultimate question." Koonce v. Apfel, 199 WL 7864, * 5 (4th Jan. 11, 1999)(unpublished opinion). The ALJ is required only to "pose those [hypothetical questions] that are based on substantial evidence and accurately reflect the plaintiff's limitations . . ." France v. Apfel, 87 F. Supp. 2d 484, 490 (D. Md. March 13, 2000). Here, the hypothetical question posed to the VE by the ALJ was based on a RFC determination supported by substantial evidence and therefore accurately reflected all of Plaintiff's limitations. This assignment of error is without merit.

**Conclusion**

For the aforementioned reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-41) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-44) be GRANTED, and that the final decision by Defendant be AFFIRMED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, May 28, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE